## TENNENBAUM v STATE AUTOMOBILE MUTUAL INSURANCE ASSOCIATION

## POPE v STATE AUTOMOBILE MUTUAL INSURANCE ASSOCIATION

Ohio Appeals, 1st Dist, Hamilton Co

Nos 3901 & 3902.  Decided July 13, 1931

Alvin H. Rowe, Cincinnati, for plaintiffs in error.

August A. Rendigs, Jr., Cincinnati, and Edward Lee Meyer, Cincinnati, for defendant in error.

ROSS, PJ.

Reference to our criminal code will show that a great many offenses and crimes are prescribed by stating that, whoever does such and such a thing shall be punished in

a certain manner by fine, imprisonment, or both. But there are many other offenses which are predicated upon the doing of an act forbidden or prohibited by statute, and which are declared to be unlawful.

In one case the doing of a certain act is made a felony. or misdemeanor. It is not prohibited and the violation of the prohibition made an offense, but the act itself is made the offense.

In §12,607-1 GC, it is provided that upon conviction of driving while intoxicated the "trial court may in addition to or' independent of all other penalties provided by law, **prohibit** such person from operating or driving a motorcycle, motor vehicle", etc., and provides a fine for operation while so prohibited by order of court from such operation.

Reference to the building code shows many instances wherein certain things are prohibited and an offense created for the violation of the prohibition.

§6212-15 GC states that no person shall after the passage of this act manufacture, sell, barter, transport, import, etc. intoxicating liquor.

§6212-17 and 6212-17D GC provide for the punishment of the offense of violating the prohibition.

There is therefore a manifest difference where the legislature makes a certain act an offense at law and where it prohibits the doing of an act and makes the violation of the prohibition an offense.

Enough has been said to show that the particular act of driving while intoxicated, an offense under the city ordinances is not an expressly prohibited offense.

The Company in writing its policy could have therein excepted from coverage loss resulting while such motor vehicle was being operated by any person violating the law or commiting an offense at law. The Insurance Company saw fit to limit its exception to coverage to cases where the vehicle was operated by a person prohibited by law from driving.

We find no evidence in the record from which we are able to conclude that the driver' had been **prohibited** by law from driving an automobile. If after his rights to drive had been suspended, in conformity to the statute noted supra, he had driven a motor, vehicle and caused damage, then the exception to coverage would have applied. Such is not the case here.

The judgments will be reversed, and the. facts not being in dispute, judgment may be entered in each case against the defendant in error.

HAMILTON & CUSHING, JJ, concur.